IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV27-01-MU

DERRICK BRYANT,              )
                             )
        Plaintiff,           )
                             )
    v.                       )        **O R D E R**
                             )
SHERIFF REDMAN, et al.,      )
                             )
        Defendants.          )
_____)

**THIS MATTER** comes before the Court for initial review of Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 which was removed to this Court from the Superior Court of Iredell County on March 7, 2007.

In his Complaint Plaintiff states that he was diagnosed with HIV-AIDS in 1990-1991. The basis for Plaintiff's Complaint is that his medical care at Iredell County Jail for his HIV-AIDS condition is inadequate. More specifically, Plaintiff states that the doctor discontinued some of his medications and told him that they would not work but that he would be closely monitored. Plaintiff admits that he was prescribed various other medications. Plaintiff also complains that he was required to pay $ 5.00 for prescriptions.[1] Plaintiff complains that the jail failed to order laboratory

---

[1] The Eighth Amendment does not require that inmates be provided, free of charge, with necessary commodities that would not be free outside prison walls. See Waters v. Bass, 304 F. Supp. 2d 802, 807, 808 (E.D. Va. 2004). That is, although the Eighth Amendment's prohibition against cruel and unusual punishment requires the provision of medical care for persons in custody, the Constitution does not dictate the allocation of such costs. See Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 (1983)("nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him.").

work that he requested. Plaintiff asserts that per a judge's order,[2] he was transferred to Central Prison for a period of time. Plaintiff further states that in September 2005, he lost his appetite, his right ear swelled badly, he developed a fever, and he lost consciousness. Plaintiff asserts he was taken to the hospital. Plaintiff asserts that a nurse informed him that he suffered from "Ramsey Hunt Syndrome."[3] Plaintiff asserts Defendants lack of proper care has caused him to lose hearing in his right ear, to have a watery right eye in sunlight, and general light sensitivity on his right eye. Plaintiff sues the sheriff and three nurses. Among other things, Plaintiff seeks $ 750,000 in actual damages from each Defendant and $ 750, 000 from each Defendant.

To establish an Eighth Amendment violation based on inadequate medical care, an inmate must show that defendants acted with "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is demonstrated by either an actual intent to cause harm, or reckless disregard of substantial risk of harm that is either known to the defendant or would be apparent to a reasonable person in defendant's position. Miltier v. Beorn, 896 F.2d 848, 851-52 (4th Cir. 1990). In either case, however, the indifference must be substantial: inadequate treatment due to negligence, inadvertence, or differences in judgment between an inmate and medical personnel does not rise to the level of a constitutional violation. See Daniels v. Williams, 474 U.S. 327 (1986).

As an initial matter, the Court notes that Plaintiff fails to state a claim against any of the Defendants as he fails to state what specific actions any of them took that violated his constitutional

---

[2] Plaintiff does not attach a copy of this order. Nor does Plaintiff specify what judge issued the order or under what circumstances.

[3] Plaintiff does not state why the Defendants are responsible for his catching the virus that causes Ramsay Hunt Syndrome.

rights. Indeed, he does not mention a single defendant by name in the text of his Complaint. As such he has failed to state a claim against them.

In particular, Plaintiff fails to state a claim against Sheriff Redman because supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982). Plaintiff does not ascribe any act or omission whatsoever to Defendant Redman and as such he has not satisfied this criteria and he has failed to state a claim against Defendant Redman.

Moreover, in his Complaint, Plaintiff himself admits that he was examined by doctors on numerous occasions and prescribed medications. In addition, he was taken to the hospital. Defendant does not provide any specifics as to how the Defendants were deliberately indifferent to his health. Thus, based upon the facts submitted by Plaintiff himself, this Court concludes that, at most, Plaintiff was the recipient of negligent medical care. Mere malpractice or negligence in diagnosis or treatment does not state constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Plaintiff's disagreement with "diagnostic techniques or forms of treatment" does not provide a basis for § 1983 relief. See Estelle v. Gamble, 429 U.S. 97, 107 (1976). Therefore, the Court will dismiss this claim for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

Signed: March 9, 2007

Graham C. Mullen
United States District Judge