IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07CV27-01-MU

| | |
|---|---|
| DERRICK BRYANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| SHERIFF REDMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Reconsideration, filed March 19, 2007.

On December 18, 2006, Plaintiff filed a Complaint in Superior Court in Iredell County. Plaintiff states he is raising his claims under the "appropriate North Carolina General Statute, and Rules of Civil Procedure, plus the provisions set forth in 42 U.S.C. 1983." On March 7, 2007, the Defendants filed a Notice of Removal with this Court. On March 9, 2007, this Court dismissed Plaintiff's Complaint for failure to state a claim under § 1983.

Plaintiff has now filed a Motion to Reconsider asserting that he was never consulted about the removal of his case to federal court. Consultation is not required. 28 U.S.C. § 1441 allows a defendant to remove an action to federal court. No participation by a plaintiff is required. In the instant case, Plaintiff explicitly raised a federal claim – one pursuant to 42 U.S.C. § 1983 – in his state complaint. The existence of a federal question in his state complaint is a basis for removing it to federal court. See 28 U.S.C. § 1441. As such the removal was proper.

Plaintiff also argues that he should have been allowed to amend his Complaint. A district

court is not required to inquire if a party would like to amend its pleadings before a ruling is entered against the party. As is proper, this Court ruled on the information Plaintiff himself chose to present to the Court.

In reviewing Plaintiff's case, however, it has come to the Court's attention that this Court did not clearly deal with Plaintiff's state law claims.[1] That is, on reconsideration this Court finds that the March 7, 2007, Order was correct with regard to the dismissal of Plaintiff's § 1983 claim but deficient in failing to directly address Plaintiff's state law claims (to the extent he raised any). This Court should have made clear that Plaintiff's state law claims were dismissed without prejudice. Consequently, this Court will grant Plaintiff's Motion to Reconsider to the extent that this Court will amend the Judgment in this case to clarify that Plaintiff's § 1983 claims are dismissed for the reasons set forth in this Court's March 7, 2007, Order and that Plaintiff's state law claims are dismissed without prejudice.

---

[1] The Court notes that although Plaintiff asserts that he is filing his Complaint pursuant to the applicable and appropriate North Carolina General Statute and Rules of Civil Procedure, he never specifies the basis for his state law claims.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion to Reconsider is **GRANTED in part and DENIED in part;**

2. The Clerk is directed to amend the Judgment in this case to reflect that Plaintiff's state law claims are dismissed without prejudice.

Signed: April 10, 2007

Graham C. Mullen
United States District Judge